UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENDURANCE AMERICAN INSURANCE CO | * | |
| Plaintiff | * | CIVIL ACTION NO. 3:20-cv-174 |
| VERSUS | * | |
| | * | |
| ABC CAULKING CONTRACTORS, INC., | * | JUDGE DEGRAVELLES |
| CARAGHER, INC., MILLER MASONRY, | * | |
| LLC, RD&M, INC., THE ROOF DEPOT 002, | * | |
| INC., SOUTHEASTERN COATING | * | MAGISTRATE BOURGEOIS |
| SYSTEMS, INC., AND TRIAD MECHANICAL | * | |
| COMPANY, INC. | * | |
| Defendants. | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Caragher Inc. (hereinafter "Caragher"), who respectfully submits the following Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.     ALLEGATIONS AND FACTUAL BACKGROUND

This matter arises out of a breach of contract claim.[1] On March 23, 2020, Plaintiff, Endurance American Insurance Company (hereinafter "Plaintiff"), filed its Complaint in this litigation asserting a claim against Caragher for incomplete and/or improperly performed work in a renovation of an apartment complex (hereinafter the "Property").[2] Specifically, Plaintiff alleges LMK Baton Rouge Construction, LLC entered into a subcontract agreement with Caragher to perform the "waterproofing to seal the building envelope against water intrusion from rain and other precipitation."[3] According to Plaintiff, the work in which Caragher was purportedly

---

[1] R. Doc. 1 at p. 1.
[2] R. Doc. 1 at p. 3, paragraph 6.
[3] R. Doc. 1 at p. 4, paragraph 10.

subcontracted to perform was incomplete and/or improper as water was entering the building and causing and/or contributing to "property damage to various parts of the building, including the deterioration of structural wood framing members and engineered wood flooring, subflooring, and other components."[4] Importantly, however, the consulting agreement in which Plaintiff bases this allegation provides Caragher did not perform any work related to waterproofing the Property.[5] Accordingly, Caragher files this Motion to Dismiss, which should be granted as Plaintiff— whose claim is based upon work that was not performed by Caragher—has failed to state a claim upon which relief can be granted.

## II.    LAW

### a.  Standard for a Motion to Dismiss

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive a Rule 12 (b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] A claim is plausible on its face when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[8] The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[9] However, the court is not "bound to accept as true a legal conclusion couched as a factual

---

[4] R. Doc. 1 at p. 4, paragraph 10.
[5] *See* Exhibit A, Caragher Consulting Agreement.
[6] *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *Twombly,* 550 U.S. at 555.
[9] *In re: S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

allegation."[10] Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.[11]

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto.[13] However, Fifth Circuit and this Court's precedent provides "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[14]

### b. Standard for a Breach of Contract Claim

"Under Louisiana law, the essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[15] "A failure to perform

---

[10] *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209.
[11] *Abbott v. Town of Livingston*, CV 16-00188-BAJ-EWD, 2016 WL 4134565, at *11 (M.D. La. July 29, 2016) (quoting *Twombly*, 550 U.S. at 555).
[12] *Ashcroft,* 556 U.S. 662 at 679.
[13] *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[14] *Collins,* 224 F.3d at 498-99 (internal citations omitted). *See Messenger v. Boston Sci. Corp.*, CV 18-827-JWD-EWD, 2020 WL 60242, at *1 (M.D. La. Jan. 6, 2020) ("The relevant factual allegations are taken from Plaintiff's *Second Amended Complaint* … [and] from those exhibits attached to defendant's motion that are referred to in the plaintiff's complaint and are central to her claim[s]." (internal quotations and citations omitted)); *see also Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *In Re Katrina,* 495 F.3d at 205 ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.").
[15] *Favrot v. Favrot*, 2010-0986, pp. 14-16 (La. App. 4 Cir. 2/9/11); 68 So.3d 1099, 1109, *writ denied*, 2011-0636 (La. 5/6/11); 62 So.3d 127. *See also Cent. Facilities Operating Co., LLC v. Cinemark USA, Inc.*, 36 F.Supp.3d 700, 712 (M.D. La. 2014); *Hercules Machinery Corp. v. McElwee Bros., Inc.*, No. Civ. A. 01-3651, 2002 WL 31015598 at *9 (E.D. La. Sept. 2, 2002) ("The central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages.").

results from nonperformance, defective performance, or delay in performance."[16]

### III. ARGUMENT

Plaintiff's claims against Caragher arise out of allegations related to the improper and/or incomplete work of waterproofing the Property.[17] Plaintiff alleges by virtue of a consulting agreement, Caragher performed said incomplete and/or improper work.[18] Accordingly, Plaintiff's entitlement to relief hinges on the terms of the agreement. This agreement, however, indicates Caragher did **not** perform the "waterproofing to seal the building envelope against water intrusion" as alleged in Plaintiff's Complaint in paragraph 10 on page 4.[19] In fact, the actual contract limits Caragher's scope of work to the "review of the design developed by Client's, … design professionals and … observation of system installation" and indicates "it is the design professional of record" who "shall remain fully responsible for all design on the project."[20] Thus, Caragher cannot be liable to Plaintiff here as the contract relied upon in Plaintiff's Complaint demonstrates that Caragher did not perform the "waterproofing to seal the building envelope against water intrusion[,]" and thus, Plaintiff's claims against Caragher fail.

As delineated above, "the Fifth Circuit has approved district courts' consideration of documents attached to a motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[21] In *Messenger v. Boston Scientific Corp.*, this Court granted the defendant's motion to dismiss after considering the factual background of the plaintiff's complaint as well as the exhibits attached to the motion.[22] Here, consideration of both

---

[16] La. C.C. art. 1994.
[17] R. Doc. 1 at p. 4, paragraph 10.
[18] R. Doc. 1 at p. 3, paragraph 6. *See* Exhibit A, Caragher Consulting Agreement.
[19] *See* Exhibit A, Caragher Consulting Agreement.
[20] Exhibit A, at p. 2, 6, Caragher Consulting Agreement.
[21] *Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*, CV 17-592-JWD-EWD, 2018 WL 3748399, at *11 (M.D. La. Aug. 7, 2018) (citing *Werner v. Dept. of Homeland Sec.*, 441 Fed.Appx. 246, 248 (5th Cir. 2011).
[22] *Messenger v. Boston Sci. Corp.*, 2020 WL 60242, at *1.

Plaintiff's factual allegations as well as the consulting agreement referenced in Plaintiff's Complaint[23] and attached to this Motion reveals Plaintiff has failed to state a claim against Caragher.[24] Specifically, Plaintiff's Complaint fails to set forth sufficient facts as to the first element required which is that Carragher undertook the obligation and performed "waterproofing to seal the building envelope against water intrusion from rain and other precipitation."[25] For purposes of satisfying the standard set forth in Rule 12(b)(6), the facts, as alleged by Plaintiff, do not support his claim that Caragher breached, or failed to perform, the terms set forth in the subcontract agreement, as his claim rests on work that was not performed by Caragher.

### IV.   CONCLUSION

Based on the forgoing analysis, the Court should grant Caragher's Motion to Dismiss, finding Plaintiff's claim against Caragher is based upon work that it did not perform, and therefore, fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant, Caragher Inc. respectfully prays this Honorable Court grant Defendant's *Motion to Dismiss*, dismissing all of Plaintiff's claims against it, in their entirety, with prejudice.

Respectfully submitted,

  /s/ Kyle P. Kirsch
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
***Attorney for Defendant***

---

[23] R. Doc. 1 at p. 3, paragraph 6.
[24] *See In re Katrina* at 205.
[25] R. Doc. 1 at p. 3, paragraph 6; p. 4, paragraph 10.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and/or via electronic mail this 9th day of November, 2020.

                                    /s/ Kyle P. Kirsch